

FILED
CLERK, U.S. DISTRICT COURT

12/19/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: C. Wynn    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWON TENNANT<br><br>   Petitioner,<br><br>   v.<br><br>DAVID B. LONG,<br><br>   Respondent. | NO. CV 14-8244-MWF (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

   On October 20, 2014, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"), in the United states District Court for the Southern District of California.  The Southern District transferred the Petition to this Court on October 22, 2014.  The Petition stems from Petitioner's Los Angeles Superior Court conviction and sentence sustained in 2001, in Case No. TA058325 (the "State Conviction").

   Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On July 7, 2004, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 04-00076-AHS (MAN) (the "Prior Action"),[1] which raised two claims challenging the State Conviction. In particular, the Prior Action petition raised an *Apprendi* claim[2] related to the use of Petitioner's prior juvenile adjudication as a "strike," and a claim based upon the trial court's alleged failure to obtain a valid waiver of Petitioner's right to testify. On August 22, 2007, Judgment was entered denying the Prior Action petition on its merits and dismissing the case with prejudice. Petitioner appealed (Case No. 07-56507). On August 1, 2008, the Ninth Circuit denied a certificate of appealability on the ground that the appeal was untimely.

The instant Petition also challenges the State Conviction and raises four sentencing-related claims. Ground One of the Petition raises another *Apprendi* claim. Ground Two of the Petition alleges that the evidence was insufficient to establish the fact of Petitioner's prior "strike" conviction. Grounds Three and Four of the Petition allege that Petitioner's trial counsel provided ineffective assistance in connection with the prior "strike" conviction.

The Ninth Circuit's dockets show that Petitioner has not filed an application seeking leave to raise his present claim through a second or successive Section 2254 petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must

---

[1]   Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior actions in this district and the United States Court of Appeals for the Ninth Circuit.

[2]   Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).

dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must **first** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

By the Prior Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here. His earlier habeas petition was denied on its merits and dismissed with prejudice. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

While it appears that the claims alleged in the Petition could have been raised in the Prior Action, whether or not the claims alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: December 19, 2014

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE